UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| AUSTIN MURRAY,<br>DIRT DADDY LLC,<br>EAGLE REDI-MIX CONCRETE, LLC,<br>KIRBY-SMITH MACHINERY, INC., | )   Case No. 24-CV-7-CDL<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER**

Before the Court is Plaintiff Employers Mutual Casualty Company's Motion for Summary Judgment. (Doc. 33).

**I.      Background**

Plaintiff, Employers Mutual Casual Company, initiated this case by filing a Complaint for Declaratory Judgment. (Doc. 2). Employers Mutual requests a judicial declaration of its rights and duties under policies issued to Dirty Daddy. (*Id.*) Employers Mutual now moves for summary judgment, requesting that the Court determine as a matter of law that Employers Mutual has no duty to defend Dirt Daddy and Austin Murray in state court suits against them for nonpayment of money that Eagle Redi-Mix Concrete, LLC and Kirby-Smith Machinery, Inc. (KSMI) claim is owed. (Doc. 33 at 8-9). Employers Mutual also seeks a summary judgment declaration that it has no duty to make any indemnity payment to or on behalf of any party in connection with those suits. (*Id.*).

The essential facts are largely undisputed. Dirt Daddy was hired to frame and pour a slab of concrete as part of a larger construction project. Eagle Redi-Mix furnished Dirt Daddy with the requisite materials. The initial pour was flawed, and Dirt Daddy had to expend its own resources to correct it. Eagle Redi-Mix filed a Petition against Dirt Daddy to foreclose a mechanics and materialmen's lien based upon Dirt Daddy's nonpayment of money allegedly owed to Eagle Redi-Mix for the materials that it supplied for Dirt Daddy's use on the construction project. (Doc. 33-6). In that state court suit, Eagle Redi-Mix seeks judgment against Dirt Daddy for $166,874.93, plus fees, costs, and interest.

KSMI supplied rental and repair services to Dirt Daddy. Dirt Daddy allegedly failed to pay KSMI money owed for rental and repair services, and KSMI sued Dirt Daddy for nonpayment. In its state court Petition, KSMI states that its claims "are based on unpaid charges for heavy equipment rentals and equipment repair services . . . which heavy equipment rentals and equipment repair services were provided for and used on or for, and in connection with, the construction of the 5th Avenue Business Park." (Doc. 33-5 at 4-5). KSMI asserts contract and quasi-contract claims against Dirt Daddy for nonpayment of amounts Dirt Daddy agreed to pay for the rentals and services it received. (*Id.* at 5-7). KSMI also asserts claims against Austin Murray, the owner of Dirt Daddy, for alleged breaches of indemnity and personal guaranty agreements in relation to the nonpayment of amounts owed by Dirt Daddy. (Doc. 33-5).

Dirt Daddy alleges that the state court suits include claims for "property damage," triggering Employers Mutual's duty to defend Dirt Daddy and Austin Murray in the state court suits under commercial general liability policies ("CGLPs") issued by Employers

2

Mutual. Employers Mutual contends that its CGLPs do not include coverage for the claims that KSMI and Eagle Redi-Mix have asserted against Dirt Daddy and Austin Murray.

## II. Legal Standards

To obtain summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering summary judgment motions, the courts view the evidence and make reasonable inferences in the non-movant's favor. *Rio Grande Foundation v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

With respect to construction of the polices, both parties cite Oklahoma law in their summary judgment briefing. (*See, e.g.,* Doc. 33, 36).[1] Under Oklahoma law, "the cardinal rule in contract interpretation is to determine and give effect to the intent of the parties." *In re Kaufman*, 37 P.3d 845, 853 (Okla. 2001). The Oklahoma Supreme Court has stated that

> [i]f the insurance policy language is doubtful and susceptible to two constructions, without resort to and following application of the rules of construction, then a *genuine ambiguity* exists, and the contract will be interpreted, consistent with the parties' intentions, most favorably to the insured and against the insurance carrier.

---

[1] A federal court sitting in diversity must apply the choice of law rules of the forum state. *Allstate Ins. Co. v. Covalt*, 321 F. App'x 717, 720 (10th Cir. 2009). Under Oklahoma law, "[t]he general rule is that a contract will be governed by the laws of the state where the contract was entered into unless otherwise agreed and unless contrary to the law or public policy of the state where enforcement is sought." *Berry & Berry Acq., LLC v. BFN Props. LLC*, 416 P.3d 1061, 1068 (Okla. 2018) (citing *Williams v. Shearson Lehman Bros., Inc.*, 917 P.2d 998, 1002 (Okla. Civ. App. 1995)). The CGLP is an Oklahoma-specific policy issued to an Oklahoma business and so is properly construed according to the laws of Oklahoma. (Doc. 2-1 at 2).

*Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376–77 (Okla. 1991).

The duty to defend is one of an insurer's basic duties. *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.*, 928 P.2d 298, 302–03 (Okla. 1996) (citation omitted). This duty is "separate from, and broader than, the duty to indemnify" and is "measured by the nature and kinds of risks covered by the policy as well as by the *reasonable expectations of the insured.*" *Id*. at 303. (citations omitted). "An insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to the *potential of liability* under the policy." *Id*. (citing *Texaco, Inc. v. Hartford Acc. & Indem.*, 453 F. Supp. 1109, 1113 (E.D. Okla. 1978)). In other words, this duty arises "whenever the allegations in a complaint state a cause of action that gives rise to the *possibility of a recovery* under the policy; there *need not be a probability of recovery.*" *Id*. at 303 (quoting 7C Appleman, Insurance Law & Practice § 4683.01 at 67 (Berdal ed. 1979)).

**III.     Discussion**

The summary judgment record includes copies of Dirt Daddy's CGLPs from April 20, 2022 to April 20, 2024, and their authenticity has not been disputed. (Docs. 33-1, 33-3). The CGLPs provide that Employers Mutual "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and "will have the right and duty to defend the insured against any 'suit' seeking those damages." (Doc. 33-1 at 9). Pursuant to the CGLPs, Employers Mutual has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." (*Id.*). The insurance applies to "property damage" only if "caused by an 'occurrence' that takes place

4

in the 'coverage territory.'" (Docs. 33-1 at 9, 33-3 at 9). An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Docs. 33-1 at 23, 33-3 at 23). "Property damage" includes "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." (Doc. 33-1 at 15).

Employer's Mutual argues that none of the claims that Eagle Redi-Mix and KSMI have asserted against Dirt Daddy and Mr. Murray are for "property damage" within the meaning of the CGLPs. The Court agrees. The policies' definition of covered property damage is unambiguous and does not encompass the claims for nonpayment as asserted by Eagle Redi-Mix and KSMI. The claims against Dirt Daddy are for alleged failure to pay for materials and services provided by Eagle Redi-Mix and KSMI, not for damage to property. The claims against Austin Murray are based upon that same nonpayment and Murray's indemnification and personal guaranty agreements.

The suits by Eagle Redi-Mix and KSMI do not include claims for property damage as defined in the policies; they are for money they claim they are owed for supplies and services provided to Dirt Daddy. The alleged refusal to pay Eagle Redi-Mix and KSMI for amounts owed is not encompassed within the meaning of "occurrence" (or "accident") as defined in the policies. The language in the CGLPs is not "doubtful" or "susceptible of two constructions" in the context of the nonpayment suits against Dirty Daddy and Austin Murray. Construing the evidence and reasonable inferences in the non-movants' favor, there is no "genuine ambiguity" in the policy terms as described in *Dodson*, 812 P.2d at 376–77.

5

Dirt Daddy argues that Employers Mutual has a duty to defend the claims despite the contractual posturing of the claims in the state court actions. In support of that argument, Dirt Daddy claims that Eagle Redi-Mix asserted in its motion for summary judgment in the state court action that Dirt Daddy was at fault in connection with the slab pour. (*See* Doc. 36 at 9, 11-12). Dirt Daddy also cites Eagle Redi-Mix's statement in the Joint Status Report that "defects in the concrete were caused through either the negligence of Dirt Daddy and/or a third-party who provide concrete finishing services." (Doc. 36 at 11 [citing Doc. 31 at 2]). However, Eagle Redi-Mix and KSMI have *not asserted claims* against Dirt Daddy or Austin Murray for negligence or for property damage, and judgment on the contract-based claims in those state court suits will not represent amounts that Dirt Daddy will be "legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" Rather, as framed, the claims of KSMI and Eagle Redi-Mix are for money allegedly owed for services and supplies provided by KSMI and Eagle Redi-Mix, and any award of the amounts owed are not damages that Dirt Daddy and/or Austin Murray would be legally obligated to pay because of property damage. On the undisputed facts here, the plain allegations of the state court petitions do not give rise to the possibility of recovery under the policy as would give rise to a duty to defend as described in *First Bank of Turley*, 928 P.2d at 302–03.

In its response to the summary judgment motion, KSMI cites Eagle Redi-Mix's Answer to Dirt Daddy's Counterclaim asserted in the state lawsuit. Dirt Daddy asserted Crossclaims against Eagle Redi-Mix in the KSMI suit for breach of a duty of due care, breach of contract, breach of implied warranties of merchantability and fitness for

particular purpose. (*See* Dirt Daddy's Answer and Crossclaim in CJ-2023-4081 [KSMI suit], filed January 8, 2024). In addition, in the Eagle Redi-Mix state court suit, Dirt Daddy filed an Answer and Counterclaim, in which it alleged that Eagle Redi-Mix breached an agreement to provide proper concrete, forfeited right to collect the money for goods / services provided, and that Eagle Redi-Mix's alleged failures "may create claims for breach of contract, breach of the implied warranty of merchantability, implied warrant of fitness and disgorgement of any profits or claims under the Uniform Commercial Code." (Dirt Daddy's Answer and Counterclaim in CJ-2023-3583 [Eagle Redi-Mix suit], filed November 27, 2023). Dirt Daddy further alleged that it had suffered financial, economic, and reputational and other damage. (*Id.*). However, no party has provided factual or legal support for finding that Employers Mutual has an obligation to "defend" Dirt Daddy or Austin Murray in suits for nonpayment based on allegations made by Dirt Daddy and Austin Murray in *crossclaims and counterclaims*.

      In short, the Eagle Redi-Mix and KSMI suits are *not* seeking damages for anything other than what they claim to be owed for materials and services provided, and those claims do not implicate an "occurrence" or "property damage" within the meaning of the policies. The CGLPs secure the right to defense for covered claims asserted against the insured, not for prosecution of claims asserted by the insured itself. No party has established that the policies would require Employers Mutual to essentially fund litigation of Dirt Daddy's crossclaims or counterclaims against Eagle Redi-Mix.

### IV. Conclusion

For the foregoing reasons, the Motion for Summary Judgment is **granted** inasmuch as the Court has determined there is no genuine issue of material fact and Employers Mutual is entitled to judgment as a matter of law that it has no duty to defend Dirt Daddy or Austin Murray in the state court suits brought by Eagle Redi-Mix or KSMI. A Judgment in favor of the Plaintiff will be entered in this case.

IT IS SO ORDERED this 31st day of March, 2025.

*Christine D. Little*

Christine D. Little
United States Magistrate Judge